GARNER *v.* STATE.

Opinion delivered January 7, 1905.

CARNAL ABUSE—SUFFICIENCY OF INDICTMENT.—An indictment for carnal abuse, which alleges that defendant "feloniously did carnally know and abuse one A, the said A then and there being a female under the age of 16 years, against the peace," etc., is sufficient without alleging that said A was not the wife of defendant.

Appeal from Garland Circuit Court.

ALEXANDER M. DUFFIE, Judge.

Affirmed.

*M. S. Cobb,* for appellant.

The indictment was insufficient. Whar. Cr. Pl. § 241. When the negative is descriptive of the offense, it must be alleged in the indictment. Bish. Cr. Pro. § § 633-637; 17 Wall. 168; 47 L. R. A. 144; 37 Ark. 96; 19 Ark. 143, 566; 16 Ark. 567.

*George W. Murphy, Attorney General,* for appellee.

The indictment, being substantially in the words of the statute, is sufficient. 1 Bish. New Cr. Pro. § 613; 108 Ind. 47; 48 Ark. 66; 64 Ark. 467; 61 Ark. 62.

BATTLE, J. Is the following indictment, omitting caption, sufficient:

"The grand jury of Garland County, in the name and by the authority of the State of Arkansas, accuse Tom Garner of the crime of carnal abuse, committed as follows, towit, the said Tom Garner, in the county and State aforesaid, on the 20th day of February, A. D. 1904, feloniously did carnally know and abuse one Ada Tucker, the said Ada Tucker then and there being a female under the age of sixteen years, against the peace and dignity of the State of Arkansas?" It is contended that this indictment is defective, because it does not allege that Ada Tucker was not the wife of the defendant. This is not necessary. The allegation that he "feloniously did carnally know and abuse" her negatives such an idea. This allegation could not be true if they were husband and wife. The indictment contains "a statement of the acts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended" (Kirby's Dig. § 2243) ; and is sufficient.

Judgment affirmed.

McCULLOCH, J., did not participate.